# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT A. SHEPHERD,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA HIGHWAY PATROL and NORTHERN MONTANA HOSPITAL,<br><br>Defendants. | Cause No. CV 13-0039-GF-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## SYNOPSIS

Plaintiff Robert Shepherd alleges Defendants violated his constitutional rights by questioning him and drawing blood from him after a motor vehicle accident on September 9, 2009. Mr. Shepherd's claims are barred by the applicable statute of limitations and the Heck doctrine. The Complaint should be dismissed.

## JURISDICTION

Mr. Shepherd filed this action in federal court, in the Great Falls Division of the District of Montana. CD 2. Venue is proper as the alleged wrongs occurred in Hill County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction

1

over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Shepherd is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that

2

a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Leave to amend**

The court liberally construes pro se pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

**C. Statute of Limitations**

3

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Fink v. Shedler, 192 F .3d 911, 914 (9th Cir. 1999)); see also Wilson v. Garcia, 471 U.S. 261 (1985).

In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Montana law tolls the statute of limitations if a litigant is committed pursuant to a mental disorder. Mont. Code Ann. § 27–2–401. Commitment is defined as "an order by a court requiring an individual to receive treatment for a mental disorder." Mont. Code Ann. § 53-21-102.

**D. Challenge to Conviction**

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

**FACTUAL ALLEGATIONS**

4

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Conclusory fact allegations and unsupported legal conclusions must be disregarded.

On September 9, 2009, Officer David Delaittre of the Montana Highway Patrol questioned Mr. Shepherd at the Northern Montana Hospital, where Mr. Shepherd was apparently a patient. Officer Delaittre's questions concerned a a motor vehicle accident in which Mr. Shepherd had been involved. Officer Delaittre also requested consent to draw blood from Mr. Shepherd, which Mr. Shepherd apparently granted.

Based on Mr. Shepherd's responses to Officer Delaittre's questions and the results of the blood draw, he was charged with Vehicular Homicide while Under the Influence. Mr. Shepherd eventually pled no contest to the charge.

Mr. Shepherd alleges Officer Delaittre's questioning and the blood draw violated his rights because he was suffering from a traumatic brain injury, and therefore lacked the capacity to consent. Mr. Shepherd alleges Northern Montana Hospital improperly allowed the questioning and blood draw.

Mr. Shepherd alleges that he would not have faced charges but for his statements and the blood draw. He requests that the evidence procured by those means be stricken from the record. He seeks damages of $1,500 per day for his

allegedly wrongful imprisonment.

## ANALYSIS

Mr. Shepherd's Complaint was filed April 30, 2013. Therefore all claims accruing prior to April 30, 2010 are barred by the statute of limitations. The questioning and blood draw at issue occurred on or about September 9, 2009. The three-year period to initiate a § 1983 claim based on those events expired September 9, 2012. Jones, 393 F.3d at 927; Mont. Code Ann. § 27-2-204(1). Mr. Shepherd does not allege that he was ever committed for a mental disorder, so there is no indication the statute of limitations was tolled. Mr. Shepherd's claims are too late.

Mr. Shepherd's Complaint alleges he suffered from a traumatic brain injury. He may contend that the statute of limitations should be tolled because of that injury. However, even if his claims weren't barred by the statute of limitations, Mr. Shepherd's § 1983 action is prohibited by the Heck doctrine. That is, his claims fail because he is seeking damages for a completely valid criminal conviction. In addition, Mr. Shepherd is seeking to challenge his criminal conviction. As Mr. Shepherd's conviction has not been reversed, declared invalid, expunged, or called into question, any claims challenging his conviction are barred by Heck. If Mr. Shepherd wishes to challenge the validity of his conviction, he

must do so in a habeas corpus petition.

## CONCLUSION

Mr. Shepherd's claims are barred by the applicable statute of limitations and the Heck doctrine. These are not defects which could be cured by further amendments. The case should be dismissed with prejudice.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing actions in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The question of whether a complaint dismissed pursuant to Heck, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. Andrews v. Cervantes, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in Heck stated its ruling was based on a denial of "the existence of a cause of action." Heck, 512 U.S. at 489. Additionally, several other courts have held that Heck dismissals constitute dismissals for failure to state a claim. See e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim."); Ransom v. Westphal, et al.,

7

1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); Romero v. United States, et al., No. CV 11–531–PHX–DGC 2011 U.S. Dist. WL 1261293 (D.Ariz., Apr. 5, 2011). Accordingly, a dismissal pursuant to Heck should be considered a strike under 28 U.S.C. § 1915(g).

In addition, Mr. Shepherd's claims are barred by the statute of limitations, which is a dismissal for failure to state a claim. Jones v. Bock, 549 U.S. 199 (2007) (failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted). This matter should constitute a strike under 28 U.S.C. § 1915(g).

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken

in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." <u>Gardner v. Pogue</u>, 558 F.2d 548, 551 (9th Cir. 1977) (<u>quoting Coppedge</u>, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 327 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Shepherd's claims are barred by the <u>Heck</u> doctrine and the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Shepherd shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. This matter should be dismissed with prejudice. The Clerk of Court

should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Shepherd failed to state a claim upon which relief could be granted and his claims are frivolous.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Shepherd may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Shepherd files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to

contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Shepherd from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of June, 2013.

      /s/ Keith Strong
Keith Strong
United States Magistrate Judge